**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ARTHUR J. ROUSE, et. Al.,

    Plaintiffs,        Case No. 2:17-CV-12276
                              HONORABLE DENISE PAGE HOOD
v.                         CHIEF UNITED STATES DISTRICT JUDGE

STATE OF MICHIGAN, et. Al.,

    Defendants.
_____/

## OPINION AND ORDER (1) SUMMARILY DISMISSING WITHOUT PREJUDICE THE JOINT PETITION FOR WRIT OF HABEAS CORPUS, (2) OVERRULING THE OBJECTIONS TO THE DEFICIENCY ORDERS, AND (3) GRANTING PLAINTIFFS A THIRTY DAY EXTENSION TO CORRECT THE DEFICIENCIES

The seven plaintiffs are all inmates who are currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. The plaintiffs have filed a proposed class action complaint and a petition for a writ of mandamus and a writ of habeas corpus. Plaintiffs have filed objections to the two deficiency orders issued in this case. For the reasons that follow, the joint habeas petition is **SUMMARILY DISMISSED WITHOUT PREJUDICE.** The Court **OVERRULES** the objections to the deficiency orders, but **GRANTS** the plaintiffs a **thirty (30) day** extension of time to correct the deficiencies.

1

## I.  Discussion

**1.  The joint petition for writ of habeas corpus is dismissed without prejudice.**

The portion of the complaint seeking habeas relief is dismissed without prejudice.

All seven plaintiffs have filed a joint habeas petition together, but challenge separate and unrelated criminal convictions.  It is improper for different petitioners to file a joint habeas petition in which they seek relief from different convictions, sentences, or other forms of detention.  *See Norton v. Parke,* 892 F.2d 476, 478 (6th Cir. 1989).  "Several applicants can not join in a single petition for a writ of habeas corpus." *U.S. ex rel. Bowe v. Skeen*, 107 F. Supp. 879, 881 (N.D.W. Va. 1952).  A joint habeas petition involving several petitioners is improper because none of the petitioners has any interest in the illegal restraint of the other petitioners. *In re Kosopud*, 272 F. 330, 332 (N.D. Ohio 1920).  Moreover, numerous cases have held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action. *See Heard v. Caruso*, 351 F. App'x. 1, 15 (6th Cir. 2009); *Palasty v. Hawk,* 15 F. App'x. 197, 200 (6th Cir. 2001); *Craig v. Cohn,* 80 F. Supp. 2d 944, 956 (N.D. Ind. 2000); *Caputo v. Fauver,* 800 F. Supp. 168, 169 (D.N.J. 1992); *Avery v.*

*Powell*, 695 F. Supp. 632, 643 (D.N.H. 1988). Accordingly, the joint petition for writ of habeas corpus is dismissed without prejudice to the plaintiffs each filing their own habeas petition challenging their own convictions.

**B. The petition mandamus is subject to the requirements of the Prisoner Litigation Reform Act.**

Plaintiffs have also filed a petition for writ of mandamus, in which they challenge what they described as "overcrowded courts" in the state and federal court systems. Plaintiffs claim that their right of access to the courts has been violated because the state and federal courts are understaffed. Plaintiffs also appear to challenge the constitutionality of the Antiterrorism and Effective Death Penalty Act (AEDPA), which has limited the ability for state prisoners to obtain federal habeas relief.

On July 14, 2017, Magistrate Judge R. Steven Whalen signed an Order of Deficiency [Dkt. # 2] because the plaintiffs failed to submit the portion of their filing fee, which in this case would be $ 57.14, or to each file a completed application to proceed *in forma pauperis.* Magistrate Judge Whalen signed a separate order of deficiency requiring the plaintiffs to provide sufficient copies of the complaint for service upon the defendants. [Dkt. # 4]. Both orders gave the plaintiffs until August 14, 2017 to comply

3

with the orders.

On July 25, 2017, four of the plaintiffs filed an objection to the deficiency orders. A supplemental objection was filed by plaintiff Arthur J. Rouse on July 28, 2017.

Plaintiffs argue that the deficiency orders are invalid because the filing fee provisions of the Prisoner Litigation Reform Act (PLRA) do not apply to a petition for writ of mandamus. Plaintiffs allege that Magistrate Judge Whalen improperly re-characterized their complaint as a civil rights action brought pursuant to 42 U.S.C. § 1983 in order to improperly impose the PLRA's requirements upon their case.

The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he

4

or she files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir.1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

Plaintiff's objections are disingenuous. Although Congress primarily targeted prisoner civil rights cases when it enacted the filing fee provision of the PLRA, the text of the Act is not limited to such actions. Instead, Congress chose to make this filing fee provision applicable to all "civil action[s]." *See United States v. Jones,* 215 F. 3d 467, 469 (4th Cir. 2000). The phrase "civil action" contained in the PLRA's filing fee provisions is not limited to challenges to the conditions of confinement. *See Lefkowitz v. Citi-Equity Group, Inc.,* 146 F. 3d 609, 612 (8th Cir. 1998). Even motions that are brought under the federal rules of criminal procedure have been deemed "civil actions," for the purpose of invoking the PLRA's filing fee

5

requirements, when the prisoner's motion is, "as a common sense matter," a civil proceeding. *See Pena v. United States,* 122 F. 3d 3, 4 (5th Cir. 1997). If a prisoner proceeding *in forma pauperis* attempts to cloak another civil action, such as an alleged civil rights action, as a petition for writ of habeas corpus or a motion for post-conviction relief, a district court must assess the prisoner the applicable filing fee under the PLRA. *Kincade v. Sparkman*, 117 F. 3d 949, 952 (6th Cir. 1997). "[P]risoners who play games to avoid the PLRA should not expect courts to cooperate." *Moran v. Sondalle,* 218 F. 3d 647, 651 (7th Cir. 2000).

Contrary to the plaintiffs' objection, the PLRA's restrictions on prisoner litigation apply to mandamus petitions which seek relief analogous to civil complaints filed under 42 U.S.C. § 1983. *See Misiak v. Freeh,* 22 F. App'x. 384, 386 (6th Cir. 2001). The plaintiffs' claim that they are being denied access to the courts is non-cognizable as a habeas claim and would thus be analogous to a claim brought under § 1983. *See e.g. Allen v. Lamanna,* 13 F. App'x. 308, 311 (6th Cir. 2001). Accordingly, the Court overrules the plaintiffs' objections.

Although the PLRA does not specify how fees are to be assessed when multiple prisoners file a joint complaint, the Sixth Circuit has held that

fees and costs should be divided equally in such cases between the plaintiffs. *In Re Prison Litigation Reform Act,* 105 F. 3d at 1137-38. Therefore, unless each plaintiff files an application to proceed *in forma pauperis,* he would be responsible for one seventh of the $ 350.00 filing fee, plus the $ 50.00 administrative fee, or $ 57.14.

The Court also overrules the plaintiffs' objection to the order requiring sufficient service copies.

Where a plaintiff is proceeding *in forma pauperis,* the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d). If the plaintiffs choose to proceed *in forma pauperis*, they will be required to provide sufficient copies of their complaint for service upon the defendants.

### 3. Plaintiffs are given a thirty (30) day extension of time

A district court may, in its discretion, grant an additional thirty days from the date of the filing of the extension order to allow the prisoner to correct the deficiency. *See McGore v. Wrigglesworth,* 114 F. 3d at 605.

Because of the number of plaintiffs involved in this case and the possible confusion over the applicability of the PLRA to mandamus actions, the Court grants plaintiffs a thirty day extension from the date of this order to correct the deficiencies.

## II. ORDER

Based upon the foregoing, IT IS ORDERED that the joint petition for a writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.** The Writ of Mandamus claim only REMAINS.

IT IS FURTHER ORDERED That the Plaintiffs' Objections to the Deficiency Orders [Dkt. ## 5,6] are **OVERRULED.**

IT IS FURTHER ORDERED that plaintiffs have a **thirty (30) day** extension from the date of this order to correct the deficiencies.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 8, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 8, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager