**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ARTHUR J. ROUSE, et. al.,

    Plaintiffs,        Case No. 2:17-CV-12276
                                HONORABLE DENISE PAGE HOOD
v.                          CHIEF UNITED STATES DISTRICT JUDGE

STATE OF MICHIGAN, et. al.,

    Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT**

The seven plaintiffs are inmates who are currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. The plaintiffs filed a proposed class action complaint and a petition for a writ of mandamus and a writ of habeas corpus. The petition for writ of habeas corpus has already been dismissed. For the reasons that follow, the complaint and the petition for writ of mandamus are dismissed without prejudice because the plaintiffs failed to comply with an order to correct a deficiency in this case.

On July 14, 2017, Magistrate Judge R. Steven Whalen signed an Order of Deficiency [Dkt. # 2] because the plaintiffs failed to submit the portion of their filing fee, which in this case would be $ 57.14, or to each file

1

a completed application to proceed *in forma pauperis.* Magistrate Judge Whalen signed a separate order of deficiency requiring the plaintiffs to provide sufficient copies of the complaint for service upon the defendants. [Dkt. # 4]. Both orders gave the plaintiffs until August 14, 2017 to comply with the orders.

On July 25, 2017, four of the plaintiffs filed an objection to the deficiency orders. A supplemental objection was filed by plaintiff Arthur J. Rouse on July 28, 2017.

On August 8, 2017, this Court summarily dismissed without prejudice the joint petition for writ of habeas corpus and overruled the objection to the deficiency orders. The Court gave the plaintiffs a thirty day extension to correct the deficiencies. *Rouse v. Michigan*, No. 2:17-CV-12276, 2017 WL 3394753 (E.D. Mich. Aug. 8, 2017).

To date, only plaintiffs Lance Goldman and Cedric Simpson have filed an application to proceed without prepayment of fees. Mr. Simpson, however, has subsequently moved to dismiss without prejudice his portion of the complaint. Mr. Rouse, the lead plaintiff, filed a prison trust account statement but did not file an actual application to proceed without prepayment of fees. Most importantly, none of the plaintiffs have corrected

the deficiency in that they have failed to provide sufficient copies of the complaint for service upon the defendants.

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint. *Feliciano v. DuBois,* 846 F. Supp. 1033, 1048 (D. Mass. 1994). Where a plaintiff is proceeding *in forma pauperis,* the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore,* 10 F. App'x. 241, 243 (6th Cir. 2001); *Byrd v. Stone,* 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d).

The Court will dismiss the complaint for want of prosecution, because of the plaintiffs' noncompliance with Magistrate Judge Whalen's order by failing to provide the requested copies needed to effect service upon the defendants. *See Erby v. Kula,* 113 F. App'x. 74, 75-6 (6th Cir. 2004); *Davis v. United States,* 73 F. App'x. 804, 805 (6th Cir. 2003). Because the complaint is deficient in this respect, the issue concerning the failure of

some of the plaintiffs to file individual applications to proceed without prepayment of fees is moot.  Plaintiffs' remaining motions are denied as moot.

### ORDER

IT IS HEREBY ORDERED that Plaintiffs' complaint is DISMISSED WITHOUT PREJUDICE to the plaintiffs re-filing a new complaint or complaints in this matter.[1]  The remaining motions **(DE #s 12, 15, and 16)** are denied as moot.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  October 25, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 25, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry

Case Manager

---

[1] One of the problems raised when multiple prisoners decide to file a joint complaint, as the plaintiffs have done here, "concerns when, where, how, and by whom [the] various [filing] deficiencies would or should be corrected." *Heard v. Snyder*, No. 2:16-CV-13452, 2016 WL 5808359, at *2 (E.D. Mich. Oct. 5, 2016).  Another problem "is the potential prejudice to the various plaintiffs if there were delays by some of the other plaintiffs in correcting the deficiencies." *Id.*