UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR J. ROUSE, et. Al.,

    Plaintiffs,         Case No. 2:17-CV-12276
                               HONORABLE DENISE PAGE HOOD
v.                            CHIEF UNITED STATES DISTRICT JUDGE

STATE OF MICHIGAN, et. Al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING THE MOTIONS FOR REHEARING (Dkt. ## 20, 22), THE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS ON APPEAL (Dkt. # 23), AND THE MOTION FOR RELEASE ON HABEAS (Dkt. # 25).**

The seven incarcerated plaintiffs filed a proposed class action complaint and a petition for a writ of mandamus and a writ of habeas corpus. The joint petition for writ of habeas corpus was dismissed without prejudice on August 8, 2017. On October 25, 2017, this Court dismissed the complaint and the petition for writ of mandamus without prejudice because the plaintiffs failed to comply with an order to correct a deficiency in this case.

Plaintiffs Rouse and Merriman have filed several motions, as well as Notices of Appeal with the Sixth Circuit. For the reasons that follow, the

1

plaintiffs ' motions are DENIED.

This Court lacks jurisdiction to consider the plaintiffs' motion for rehearing or to alter or amend the pleadings because the plaintiffs have filed notices of appeal in this case (Dkt. ## 21, 22). A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)(citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)( per curiam )); *See also Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Because the plaintiffs filed notice of appeals, this Court lacks jurisdiction to amend its original opinion and order to consider the merits of their motions. *Workman,* 958 F. 2d at 167-68; *See also Raum v. Norwood,* 93 F. App'x. 693, 695 (6th Cir. 2004)(Plaintiffs deprived district court of jurisdiction over their motion for reconsideration by filing notice of appeal before district court had chance to make decision on motion to reconsider).

Likewise, because jurisdiction of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notices of appeal, Plaintiff Merriman's application to proceed *in forma*

*pauperis* on appeal would be more appropriately addressed to the Sixth Circuit. *See Grizzell v. State of Tennessee,* 601 F. Supp. 230, 232 (M.D. Tenn. (1984).

Finally, this Court indicated when it dismissed the joint petition for writ of habeas corpus that each plaintiff in this case was free to each file their own separate habeas petition challenging their own convictions. This Court will thus deny plainitff Rouse's motion for release on habeas corpus without prejudice to him filing a petition for writ of habeas corpus in a separate case.

IT IS HEREBY ORDERED that the motions for rehearing (Dkt. ## 20, 22), the application to proceed without fees and costs on appeal (Dkt. # 23) and the motion for release on habeas corpus (Dkt. # 25) are DENIED.

S/Denise Page Hood  
Denise Page Hood  
Chief Judge, United States District Court

Dated: December 19, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 19, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry  
Case Manager