UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR J. ROUSE, et. Al.,

    Plaintiffs,               Case No. 2:17-CV-12276
                                   HONORABLE DENISE PAGE HOOD
v.                                  CHIEF UNITED STATES DISTRICT JUDGE

STATE OF MICHIGAN, et. Al.,

    Defendants.
_____/

**OPINION AND ORDER DENYING THE MOTION TO AMEND THE COMPLAINT (Dkt. # 29) AND DENYING AS MOOT THE MOTION TO STAY THE NOTICE OF APPEAL, BUT GRANTING THE MOTION FOR ENLARGEMENT OF TIME (Dkt. # 30)**

Seven incarcerated plaintiffs filed a proposed class action complaint and a petition for a writ of mandamus and a writ of habeas corpus. The joint petition for writ of habeas corpus was dismissed without prejudice. This Court subsequently dismissed the complaint and the petition for writ of mandamus without prejudice because the plaintiffs failed to comply with an order to correct a deficiency in this case. This Court later denied Plaintiffs Arthur Rouse's and William Merriman's post-judgment motions. Plaintiff Rouse has now filed a motion to amend the complaint and a motion to stay the notice of appeal and a request for an enlargement of time.

1

Plaintiff Rouse seeks to amend his complaint to add a retaliation claim. The Court is without power to grant plaintiff's motion to amend his complaint because plaintiff's case was dismissed for want of prosecution based upon his failure to cure the deficiency. This Court must first reopen plaintiff's case before plaintiff would be permitted to submit an amended complaint. *See In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008). "Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure." *Id.* (quoting *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir.2002)). Therefore, unless postjudgment relief is granted, a district court does not have the power to grant a motion to amend the complaint pursuant to Fed. R. Civ. P. 15(a). *Id.* (quoting *Acevedo–Villalobos v. Hernandez,* 22 F.3d 384, 389 (1st Cir.1994)). Because Plaintiff Rouse does not have a live case or controversy pending before this Court and has not moved for relief from judgment, he is unable to amend his complaint. *Id.*

Plaintiff Rouse also brought a motion to stay the notice of appeal pending this Court's adjudication of his earlier filed post-judgment motions.

This Court already denied these motions on December 19, 2017. The request to stay the notice of appeal is moot.

To the extent that Plaintiff Rouse is requesting an extension of time to file an appeal in this case, such request is granted. The Court's order denying the motions for rehearing was entered on December 19, 2017. The 30 days time to file an appeal began to run on that date. See Fed. R. App. P. 4(a)(4)(B). Plaintiff Rouse's request for an extension of time to file an appeal is timely under Fed. R. App. P. 4(a)(5)(A)(i). Plaintiff Rouse is only allowed 14 days from the entry of this Order to file a notice of appeal. Fed. R. App. P. 4(a)(5)(C).

IT IS HEREBY ORDERED that the motion to amend the complaint (Dkt. # 29) is DENIED and the motion to stay the notice of appeal is MOOT, but the motion for an enlargement of time to file a notice of appeal (Dkt. # 30) is GRANTED. Plaintiff Rouse must file a notice of appeal no later than 14 days from the entry of this Order.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: February 28, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 28, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry

Case Manager